UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VAUGHN EDWARDS,                                    Civil Action No.: 21-cv-04103

                    Plaintiff,

       -against-                                    **ANSWER WITH CROSS-CLAIMS**

UNITED STATES OF AMERICA, HAILE SELASSIE and
RYDER TRUCK RENTAL, INC.,

                    Defendants.
------------------------------------------------------------------------X

      Defendant, **RYDER TRUCK RENTAL, INC.**, by and through its attorneys, **LEWIS BRISBOIS BRISGAARD & SMITH LLP**, as and for its Answer with Cross-Claims to the plaintiff's Complaint, upon information and belief, respectfully respond as follows:

### AS AND FOR AN ANSWER TO ALLEGATIONS PERTAINING TO THE PARTIES TO THIS LAWSUIT

    1.    Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of plaintiff's Complaint.

    2.    Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

    3.    Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3" of plaintiff's Complaint.

    4.    Defendant admits the allegations contained in paragraph "4" of plaintiff's Complaint.

    5.    Defendant admits the allegations contained in paragraph "5" of plaintiff's Complaint.

6. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

7. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

8. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of the plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

## AS AND FOR AN ANSWER TO THE ALLEGATIONS PERTAINING TO JURISDICTION AND VENUE

9. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

10. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

11. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11 of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

12. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

## AS AND FOR AN ANSWER TO THE ALLEGATIONS PERTAINING TO THE CONDITIONS PRECEDENT TO THIS LAWSUIT

13. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of plaintiff's Complaint.

14. Defendant admits the allegations contained in paragraph "14" of plaintiff's Complaint.

15. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

16. Defendant admits the allegations contained in paragraph "16" of plaintiff's Complaint.

17. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

18. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

19. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19" of plaintiff's Complaint.

20. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "20" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

21. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

22. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "22" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

23. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "23" of plaintiff's Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION

24. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of plaintiff's Complaint.

25. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "25" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

26. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "26" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

27. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "27" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

28. Defendant admits the allegations contained in paragraph "28" of plaintiff's Complaint.

29. Defendant denies each and every allegation contained in paragraph "29" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

30. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "30" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

31. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "31" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

32. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "32" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

33. Defendant admits the allegations contained in paragraph "33" of plaintiff's Complaint.

34. Defendant denies each and every allegation contained in paragraph "34" of plaintiff's Complaint.

35. Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "35" of plaintiff's Complaint.

36. Defendant denies each and every allegation contained in paragraph "36" of plaintiff's Complaint as to RYDER TRUCK RENTAL, INC., denies knowledge and information sufficient to form a belief as to the truth of each and every allegation as to UNITED STATES OF AMERICA and HAILE SELASSIE and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

37. Defendant denies each and every allegation contained in paragraph "37" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

38. Defendant denies each and every allegation contained in paragraph "38" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

39. Defendant denies each and every allegation contained in paragraph "39" of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

40. Defendant denies each and every allegation contained in paragraph "40" (incorrectly numbered 10) of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

41. Defendant denies each and every allegation contained in paragraph "41" (incorrectly numbered 11) of plaintiff's Complaint and respectfully refers all questions of conclusion, fact or law to be determined by the Court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

42. The Complaint fails to state a cause of action against Answering Defendant upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

43. The Complaint fails to name the necessary party or parties which allegedly caused the alleged injuries sustained by the plaintiff.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

44. The occurrence alleged herein was spontaneous and unavoidable and could not have been caused by Answering Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

45. Plaintiff is barred from pursuing this action pursuant to the doctrines of estoppel, waiver, release, arbitration clause, documentary evidence, *res judicata*, lack of capacity, statute of limitations, lack of personal jurisdiction, and/or subject matter jurisdiction.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

46. Plaintiff did not sustain a serious injury, as defined by New York Insurance Law §5102(d), or economic loss greater than basic economic loss, as defined by New York Insurance Law §5102(a).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

47. The injuries and damages allegedly suffered by the plaintiff, if any, (which injuries and damages are specifically denied by Answering Defendant), were the result of culpable conduct or fault of third persons for whose conduct Answering Defendant is not legally responsible, and the damages recovered by the plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

48. Upon information and belief that whatever damages the plaintiff may have sustained at the time and place mentioned in the plaintiff's Complaint were caused in whole or in part by the culpable conduct of said plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to the plaintiff bears to the culpable conduct which caused said injuries.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

49. Plaintiff's injuries were pre-existing and/or degenerative in nature and not causally related to the alleged accident that is the subject of this litigation.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

50. Answering Defendant did not owe a duty to the plaintiff and, therefore, Answering Defendant did not breach any duty.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

51. No act, error, or omission by Answering Defendant was an actual cause, legal cause, contributing cause, substantial factor or proximate cause with respect to the damages if any, sustained by the plaintiff, as a matter of law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

52. Upon information and belief, that the plaintiff's injuries, if any, were increased or caused by the plaintiff's failure to use and wear a seat belt at the time of the occurrence and under the applicable laws, plaintiff may not recover for those injuries he would not otherwise have sustained.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

53. Plaintiff is barred from claiming or recovering any relief set forth in the plaintiff's Complaint to the extent that the plaintiff failed to mitigate, minimize, or avoid any damages they allegedly suffered. The failure to mitigate is a bar and/or limitation in whole or in part to plaintiff's claim for loss and damages, if any, such that the total amount of damages to which plaintiff is entitled, should be barred or reduced.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

54. Upon information and belief, the plaintiff's economic loss, if any, as specified in New York Civil Practice Law and Rules ("CPLR") §4545, was or will be replaced or indemnified, in whole or in part, for any past or future claimed economic loss, from any collateral source, and Answering Defendant is entitled to have the Court consider the same in determining such special damages as provided in CPLR §4545.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

55. That pursuant to CPLR Article 16, if it is determined by verdict or decision that two or more tortfeasors are jointly liable to the plaintiff, and if the liability of Answering Defendant is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such Defendant to the claimants for non-economic loss shall not exceed Answering Defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

56. Pursuant to General Obligations Law § 15-108 and other statutory protections of CPLR Articles 14 and 14-A, Answering Defendant demands a set-off corresponding to the amount of any settlement reached with any other tortfeasor(s) involved in the operative facts of this lawsuit, whether or not they are currently named as defendant herein.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

57. Answering Defendant is entitled to a lesser standard of care under the sudden emergency doctrine, in that Answering Defendant is confronted with an emergency which was sudden, unexpected, and perilous, and permitted little or no opportunity to apprehend the

situation because of the shortness of time in which to react, and could not have been caused by Answering Defendant.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

58. At all times relevant to this litigation, Answering Defendant complied with all applicable laws, rules, regulations and standards governing the ownership, operation, maintenance, and control of their vehicle.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

59. In the event the plaintiff seeks to recover a verdict or judgment against Answering Defendant, then said verdict or judgment must exclude those amounts which have been, or will indemnify the plaintiff for any past or future claimed medical costs, health care, life care, or other economic loss or the benefit that is offered, or provided under or in connection with the Patient Protection and Affordable Care Act.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

60. In the event plaintiff recovers a verdict or judgment against Answering Defendant, then said verdict or judgment must excuse or be reduced by those amounts which will, with reasonable certainty, replace or indemnify the plaintiff in whole or in part, for any past or future medical costs health care, life care or other economic loss or benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

61. To the extent that plaintiff failed to obtain coverage available to him as an individual or as a family member, which he is eligible to obtain, then the plaintiff has failed to mitigate his damages and cannot recover for such failure.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

62. To the extent that the plaintiff failed to take reasonable steps to protect himself from medical costs, health care, or life care costs or to avail himself of the resources, service benefits, and coverage available to them under the Affordable Care Act, then the plaintiff failed to mitigate his damages and cannot recover for such failure.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

63. With regard to the plaintiff's failure to mitigate his damages, the defense will offer proof of the cost of premiums and out-of-pocket limits that were made available to the plaintiff under the Affordable Care Act, and will offer proof of the medical costs which the plaintiff will not incur under the Affordable Care Act.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

64. Answering Defendant asserts, pleads, and incorporates herein by reference the defenses and limitations of liability contained within 49 U.S.C. 30106 (the "Graves Amendment"), which is a bar to the instant Complaint against Answering Defendant.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

65. Upon information and belief, that all risks and danger of loss or danger connected with the situation alleged in the plaintiff's Complaint were at the time and place mentioned obvious and apparent and were known by the plaintiff and voluntarily assumed by him.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

66. That if the plaintiff shall have a judgment and/or verdict in their favor over and against Answering Defendant, Answering Defendant shall be entitled to all rights, remedies and off sets in accordance with GML Article 15. That if the plaintiff shall have a judgment and/or verdict entered in their favor over and against Answering Defendant, the judgment and/or verdict

shall be precluded, modified, off set and/or reduced by any and all sums or consideration paid or promise to the plaintiff by any person, corporation, or parties claimed to be liable for the injuries and/or damages alleged in the Complaint to the extent of the greater of either the sum or consideration paid or promise to the plaintiffs to the amount of the released tortfeasors' equitable share of the liability and the damages in accordance with Article 15 of the General Obligations Law Section 15-105 and Section 15-18.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

67. Answering Defendant reserves the right to amend its Answer to assert additional defenses and/or to supplement, alter, or change its Answer upon ascertaining more definite facts during and upon completion of discovery and investigation.

## AS AND FOR A FIRST CROSS CLAIM AGAINST CO-DEFENDANTS UNITED STATES OF AMERICA (United States Postal Service) and HAILE SELASSIE

68. Upon information and belief that if in the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused in whole or in part by reason of the wrongful conduct of co-defendants, UNITED STATES OF AMERICA (United States Postal Service) and HAILE SELASSIE, there being no active or primary wrongdoing on the part of the answering defendant, RYDER TRUCK RENTAL, INC., contributing thereto.

69. By reasons of the foregoing, and under the principles of common law indemnity and/or contribution, co-defendants, UNITED STATES OF AMERICA (United States Postal Service) and HAILE SELASSIE, are obligated to indemnify the answering defendant by reason of the occurrence described in plaintiff's Amended Complaint, or in the alternative, for such proportion of any judgment as the relative responsibilities may warrant, and the answering Defendant is entitled to have judgment over and against co-defendants, UNITED STATES OF

AMERICA (United States Postal Service) and HAILE SELASSIE, for all or part of any verdict or judgment which plaintiff may recover against these answering Defendant.

### AS AND FOR ANSWERING DEFENDANT RYDER TRUCK RENTAL, INC.'S SECOND CROSS-CLAIM AGAINST CO-DEFENDANT UNITED STATES OF AMERICA (United States Postal Service)

70. Prior to the accident, answering Defendant RYDER TRUCK RENTAL, INC. entered into a contract/agreement with co-defendant UNITED STATES OF AMERICA (United States Postal Service) where co-defendant agreed, to the fullest extent permitted by the law, to defend, indemnify and hold harmless RYDER TRUCK RENTAL, INC. and their agents and employees, including but not limited for attorney's fees, arising out of or resulting from UNITED STATES OF AMERICA's (United States Postal Service's) use and operation of the vehicle under the contract/agreement.

71. To the extent said contract/agreement was in full force and effect on the date of the accident as alleged in the complaint, if the plaintiff sustained injuries and damages in the manner alleged, and to the extent such injuries damages were caused by reason off the active and primary negligence, acts and/or omissions, breach of contract, breach of warranty, breach of duty, violation of statute, and/or other culpable acts of UNITED STATES OF AMERICA (United States Postal Service), with no active or primary negligence or other culpable conduct on the part of the answering Defendant contributing thereto, then answering Defendant is entitled to a defense and full contractual indemnification from and judgment over and against UNITED STATES OF AMERICA (United States Postal Service), including attorneys' fees and costs.

**AS AND FOR ANSWERING DEFENDANT RYDER TRUCK RENTAL, INC.'S THIRD CROSS-CLAIM AGAINST CO-DEFENDANT UNITED STATES OF AMERICA (United States Postal Service)**

72. Pursuant to the insurance provision of the contracts/agreements between answering defendant and co-defendant UNITED STATES OF AMERICA (United States Postal Service), the co-defendant was obligated to procure insurance coverage for RYDER TRUCK RENTAL, INC., including but not limited to additional insurance coverage and no-fault/PIP coverage, on a primary and non-contributory basis.

73. Upon information and belief, the co-defendant UNITED STATES OF AMERICA (United States Postal Service) has breached its respective contractual obligation to procure required insurance coverage for answering Defendant and such breach has resulted in answering Defendant's payment of attorneys' fees, costs, disbursements and other expenses incurred in the defense of this action.

74. By reason of the foregoing, the co-defendant UNITED STATES OF AMERICA (United States Postal Service) is liable to reimburse the answering Defendant for all attorneys' fees, costs, disbursements and other expenses incurred in the defense of this action.

**AS AND FOR ANSWERING DEFENDANT RYDER TRUCK RENTAL, INC.'S FOURTH CROSS-CLAIM AGAINST CO-DEFENDANT UNITED STATES OF AMERICA (United States Postal Service)**

75. Pursuant to the terms and conditions of the contract/agreement between answering Defendant RYDER TRUCK RENTAL, INC. and the co-defendant UNITED STATES OF AMERICA (United States Postal Service) was obligated to procure insurance coverage for RYDER TRUCK RENTAL, INC., including but not limited to additional insurance coverage and no-fault/PIP coverage, on a primary and non-contributory basis.

76. The co-defendant provided a Certificate of Insurance to the answering Defendant purportedly complying with the insurance obligations required under the contract/agreement,

and answering Defendant relied upon the representations made within the Certificates of Insurance that insurance coverage for RYDER TRUCK RENTAL, INC., including but not limited to additional insurance coverage and no-fault/PIP coverage, on a primary and non-contributory basis was procured by the co-defendant.

77. Upon information and belief, the co-defendant breached their contractual obligation to procure the required insurance coverage for answering defendant and such negligent misrepresentation of its compliance with its contractual obligation to procure insurance has resulted in damage sustained by answering defendant, including but not limited to, payment of attorneys' fees, costs, disbursements and other expenses incurred in the defense of this action.

78. By reason of the foregoing, the co-defendant is liable to reimburse the answering defendant for all attorneys' fees, costs, disbursements and other expenses incurred in the defense of this action.

**WHEREFORE,** answering defendant RYDER TRUCK RENTAL, INC., respectfully demands judgment dismissing the Complaint herein, together with the costs and disbursements of the within action, or in the event plaintiff recovers any verdict or judgment against the answering defendant, then answering defendant demands judgment over and against co-defendants, UNITED STATES OF AMERICA and HAILE SELASSIE, in whole or in part, in accordance with the cross-claims herein and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 15, 2021

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *Kevin Zimmerman*
_____
KEVIN ZIMMERMAN
*Attorneys for Defendant*
**RYDER TRUCK RENTAL, INC.**
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300
File No.: 28147.23

TO:

SAKKAS CAHN & WEISS LLP
*Attorneys for Plaintiff*
**VAUGHN EDWARDS**
110 East 12th Street, Ste. 1508
New York, New York 10017
212-571-7171

HAILE SELASSIE
11545 237th Street
Elmont, New York 11003

Attorney General of the United States
US Department of Justice
950 Pennsylvania Avenue, NW
Washington DC 20530